[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband commenced this action for a legal separation[1] on the ground of irretrievable breakdown by complaint returnable to this court January 11, 1994. He also sought a fair and equitable property settlement and other relief as on file. The defendant wife admitted all of the allegations in the plaintiff's complaint. She also filed a two-count cross complaint in which she sought a dissolution of the marriage; in the first count, on the ground of irretrievable breakdown, in the second, on the ground of intolerable cruelty. She also sought a fair and equitable property settlement, the restoration of her birth name, counsel fees and fair and equitable relief.
The parties were represented by counsel throughout these proceedings. At trial each testified and submitted financial affidavits. The wife submitted written proposed orders. A number of documentary materials were introduced into evidence, including invoices for medical, hospital and ambulance services, and cards and letters. CT Page 11454
The trial occupied part of one day and due to the unavailability of a police officer subpoenaed by the plaintiff, was later rescheduled to October 26, 1994, when the taking of testimony was completed. The parties made oral argument and the plaintiff submitted proposed written orders.
The defendant, after the conclusion of evidence, provided the court with a transcript of Judge Hendel's findings and pendente lite orders relating to the possession and whereabouts of certain of her tangible personal property, and the hearing was deemed completed November 14, 1994.
From the evidence, the court finds as follows:
The plaintiff husband married the defendant wife whose birth name was Diane Donle, on October 23, 1993, in Plantation, Florida. The wife has resided continuously in the state of Connecticut for at least one year prior to the date the complaint was filed, January 5, 1994. There were no minor children born issue of this marriage, and none have been born to the wife since the date of the marriage. Neither party is a recipient of public assistance. All statutory stays have expired and this court has jurisdiction.
Both parties are currently employed and self supporting. They are each 43 years old. The wife is a high school graduate, the husband is a college graduate. Their prior marriages ended in divorce.
The parties separated November 29, 1993, about five weeks after the marriage and have remained separated. The precipitating cause, according to the wife, was an assault upon her by the husband. The police were called. She was taken to the hospital by ambulance. She claims that she sustained bruises and contusions. The husband denies the assault and claims the wife was intoxicated and slipped. The parties each moved for orders restraining the other from, among other things, contacting the other. Mutual restraining orders were entered granting the relief requested on January 31, 1994. The husband moved for conciliation on June 2, 1994, which was denied after hearing.
The wife claims that the husband has maintained possession of certain personal property owned by her and refuses to return it, although previously ordered to do so by Judge CT Page 11455 Hendel, `if in his possession'. The husband admitted having certain of the items in his possession. He denies the possession of her diamond earrings and a collection of antique plates. At trial, he was again ordered to return all of the items admitted to, with the exception of the computer desk and wooden chest, as these items were too large to fit in a car.[2]
The parties were ordered to provide the court with shipping costs for these latter items. At oral argument, the plaintiff agreed to ship the computer desk and wooden chest to the defendant, at her Colchester home, at his expense on or before November 9, 1994, and it was so ordered. The wife valued the earrings at $1,000; the antique plates at $3,000; she testified that these items were in the husband's possession at their marital dwelling when she last saw them. I find her testimony credible in this respect.
The court also notes that the plaintiff's claims for relief in his pleadings were "a fair and equitable property settlement" and "such other relief as the court deems fair and proper". No written proposed claims for relief were filed by the plaintiff until the final day of trial, when he sought reimbursement for a $42,000 business loss he alleges was caused by the wife.
Although the claim of business loss was not properly pleaded, there was no objection by the defendant to evidence relevant to it, and the issue was squarely presented; thus, the plaintiff's business loss claim is properly before the court, and the court will address it.
The husband first claimed that the wife fraudulently induced him into a marriage for the purpose of using his computer skills, so that she could obtain a job or position with a Florida corporation. Next, he claims that the wife fraudulently or "irresponsibly" destroyed his consulting business, causing him a loss of $42,000. He asserts that she `bad mouthed' him and destroyed his reputation by, among other things, telling his customers and others that he assaulted her. thus not proven.
He provides no substantiation or corroboration for his conclusory statement that the wife's actions caused him the loss of his business. No evidence was introduced as to the nature of his business clientele, or amount or value of the contracts he had with them, or the cost of completion of these contracts. In CT Page 11456 one case, the contract was alleged to be verbal, but no corroboration of any sort was supplied. Nor did the plaintiff provide the court with his tax returns or profit and loss statements demonstrating the existence of his business or the establishment of his claimed loss. His financial affidavit omits any reference to any claim against the wife for such a loss and makes no reference to any business assets. The wife testified he secured some orders, obtained funds from customers in advance, but did not do the work or deliver the ordered materials. I find her explanation more probable. It is corroborated by the plaintiff's financial affidavit, in which he shows a substantial liability to a customer. The plaintiff also testified that he expected to resume a business relationship with that same customer.
Moreover, although he blames the wife entirely for his business loss, which he described as devastating, he persisted in his request for a legal separation until the end of this litigation, continued to send her cards[3] and flowers after the couple's separation, and moved for a conciliation. This quixotic course of conduct is utterly inconsistent with his testimony on the stand relating to the cause of the destruction of his business. Furthermore, the expressions of caring and affection for the wife in his messages and his protestations of his care and love for her on the witness stand are belied by his actions in this case: i.e., the maintaining of a lis pendens on her Colchester home,[4] and the failure to return her personal property in violation of a court order to do so, and the very nature of this unnecessarily protracted litigation itself. All of this casts grave doubt on his credibility.
He further claimed that the wife was in possession of about $5,200 of his personal property, which he described as watches, suits and clothing and his personal computer system. He seeks in his written proposed orders their return, or in the alternative, the sum of $5,200. These items were stored in a condominium unit in Florida the parties lived in and had access to, which was owned by business associates of both. This claim was already dealt with at a pendente lite hearing before Judge Hendel. At that hearing in relation to this same property, Judge Hendel ordered on January 31, 1994, that: ". . . the defendant shall relinquish any claim re: the computer and shall authorize that any property belonging to the plaintiff and held by a third party be turned over to the defendant." The defendant fully complied with this order, but the plaintiff CT Page 11457 never contacted the third party or made any effort to regain the items. On this record, I find that the plaintiff has not shown that the defendant has possession, dominion or control of said property, and he must be left to any remedy he may have against the third party. It is significant to note that none of this property is specifically reported in the asset schedule on his sworn financial affidavit.
I conclude that the plaintiff's claims of business loss and for return of his property have utterly no merit and fail. It is important to note that the parties have no property of any significant value reported on their financial affidavits, nor did they acquire any during the brief time they were together. The wife's only major asset, her house, is encumbered by mortgage balances almost equal to its value, and the parties' total assets are eclipsed by their liabilities, so that each has a negative net worth.
On the issue of fault, I have serious doubts with respect to the credibility of both parties, after observing their demeanor, attitudes and manners of response to questioning. The wife's claim of intolerable cruelty on the part of the husband has not been proven, as the evidence relating to the alleged assault is in equipoise, although I do find that he has attempted to intimidate her. Rather, I conclude that this brief marriage should never have happened, and that whatever marriage it was or may have been, it is now clearly and irretrievably broken down. It is unnecessary and futile under these circumstances to attempt to apportion fault for that breakdown. Neither party claimed alimony, and there is no property of any significance to unscramble, as each has negative net worth. The husband provides no basis, nor did he even argue, that a decree of legal separation is warranted in this case; in any case, the court deems that claim superseded and withdrawn by his belated claim for a dissolution.
I have considered the evidence and my findings in the light of the criteria in General Statutes §§ 46b-62, 46b-81 and46b-82; accordingly, judgment may enter that:
(1) The marriage is dissolved on the grounds of irretrievable breakdown on the first count of the defendant's cross complaint.
(2) The order that the defendant not encumber or CT Page 11458 transfer her home in Colchester is vacated.
(3) The plaintiff is ordered to pay to the defendant on account of her attorney's fees the sum of $1,200, payable at the rate of $100 per week, until paid, to be secured by an immediate wage execution.
(4) The defendant's birth name of Donle is restored.
(5) The plaintiff shall ship the defendant's wooden chest and computer desk to her at 17 Heatherwood Drive, Colchester, Connecticut, at his sole expense, as previously agreed by him and ordered by the court.
(6) The plaintiff is ordered to return the defendant's diamond earrings and collection of antique plates to her by depositing them at the office of the defendant's attorney within thirty (30) days hereof. If he fails to do so, he shall pay to her the sum of $2,000,[5] in equal weekly payments of $100, commencing January 1, 1995, to be secured by an immediate wage execution.
(7) The mutual restraining orders are made permanent, and the shipping of the wooden chest and computer desk shall be deemed not to violate said orders.
Teller, J.